**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| BEN BROWNBACK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLOVIN CORPORATION, et al.,<br><br>Defendants. | Case No. 4:25-cv-02772-HSG<br><br><u>CLASS ACTION</u><br><br>ORDER AS MODIFIED GRANTING THE PENSION FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |

Lead plaintiff movants Northern California Pipe Trades Trust Funds and Monroe County Employees' Retirement System (the "Pension Funds") filed a timely motion for appointment of lead plaintiff and lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1] The Pension Funds request that the Court appoint them as Lead Plaintiff and approve their selection of Grant & Eisenhofer P.A. ("G&E") and Robbins Geller Rudman & Dowd LLP ("RGRD") as Lead Counsel. Dkt No. 31.

Having carefully considered the relevant filings and authorities, the Court **GRANTS** the Pension Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (Dkt. No. 31).[2]

## I.  APPOINTMENT OF LEAD PLAINTIFF

The PSLRA "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. §78u-4(a)(3)(B)(i)). "The 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.* The Ninth Circuit interprets the PSLRA as establishing "a simple three-step process for identifying the lead plaintiff pursuant to these criteria." *Id.* The Court must: (1) determine whether appropriate notice was published; (2) determine which plaintiff has the largest financial stake and whether this plaintiff satisfies the

---

[1] Three similar complaints were originally filed before the lead plaintiff motion deadline. *See Quiero v. AppLovin Corp.*, No. 4:25-cv-02294 (N.D. Cal.); *Brownback v. AppLovin Corp.*, No. 4:25-cv-02772 (N.D. Cal.); *Wayne County Emps.' Ret. Sys. v. AppLovin Corp.*, No. 4:25-cv-03438 (N.D. Cal.). On the May 5, 2025 lead plaintiff deadline, five motions were filed seeking appointment as lead plaintiff and approval of selection of counsel. *See Quiero* Action, Dkt. Nos. 28, 35, 38, 40, 51. Subsequently, the plaintiffs who filed the *Quiero* and *Wayne County* Actions voluntarily dismissed their complaints. *See Quiero* Action, Dkt. No. 76; *Wayne County* Action, Dkt. No. 29. Following the submission of the lead plaintiff motions, all movants besides the Pension Funds either withdrew their motions or filed notices of non-opposition. *See Quiero* Action, Dkt. Nos. 70, 81, 82; *Brownback* Action, Dkt. No. 24. The Court held a status conference on May 20, 2025. Thereafter, the Court directed the Pension Funds to refile their motion in the remaining *Brownback* Action. Thus, only the Pension Funds' motion remains pending.

[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

typicality and adequacy requirements; and (3) provide the other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing of typicality and adequacy. *Id.* at 729–32.

### A.    Notice Requirement

Step One consists of meeting the PSLRA's notice requirement. *Id.* at 729. "The first plaintiff to file an action covered by the [PSLRA] must post this notice 'in a widely circulated national business-oriented publication or wire service.'" *Id.* (quoting 15 U.S.C. §78u-4(a)(3)(A)(i)). The notice must be published within 20 days of the complaint's filing. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). The notice must also alert putative class members "(I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.*

Here, notice was published on *GlobeNewswire* on March 5, 2025, the same day that the *Quiero* complaint was filed. *See* Dkt. No. 31-2 ("Williams Decl."), Ex. C. This complied with the PSLRA's 20-day filing deadline, and *GlobeNewswire* is a "'widely circulated [inter]national business-oriented publication or wire service,'" as required. *Cavanaugh*, 306 F.3d at 729 (citation omitted). The notice specifically announced the filing of the action against defendants, described the asserted claims under the Securities Exchange Act of 1934, described the class, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *See* Dkt. No. 31-2 (Williams Decl.), Ex. C. Accordingly, Step One's requirements are met.

### B.    Largest Financial Stake in the Litigation

Step Two consists of identifying the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 729–30. There is a rebuttable presumption that the "most adequate plaintiff" is the one who "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Thus, once the filing requirement of subsection (a)(3)(B)(iii)(I)(aa) is met, "the district court must compare the financial stakes of the various

plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The Pension Funds allege that they suffered losses of $1,827,307 based on their purchases of AppLovin Corporation securities during the Class Period. *See* Dkt. No. 31-2 (Williams Decl.), Ex. B. The Pension Funds thus have the largest financial interest as defined by the PSLRA.

### C. The Pension Funds' Typicality and Adequacy

Next, a presumptive lead plaintiff has the burden of setting forth a prima facie case that he can satisfy the class representative requirements of Rule 23(a), typicality and adequacy. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730. The Pension Funds represent that they are qualified, experienced, and able to conduct the litigation, and that their interests are aligned with those of other class members and are not antagonistic in any way. *See* Dkt. No. 31-1 at 9–11. The Court agrees that the Pension Funds' claimed injuries, stemming from the purchase of AppLovin securities during the Class Period in reliance upon purported false and misleading statements, are typical of the claims alleged. Further, the Court does not find the Pension Funds susceptible to any apparent unique defenses that would make them inadequate to represent the class in this action: their interests are clearly aligned with that of the proposed class because their claims are identical to those of all class members who purchased AppLovin securities. Moreover, there is no evidence of antagonism between the Pension Funds' interests and those of proposed class members. Accordingly, the typicality and adequacy requirements are met.

## II. APPOINTMENT OF LEAD COUNSEL

The Pension Funds have moved for approval of their selection of G&E and RGRD as Lead Counsel. Dkt. No. 31-1; *see also* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). The Court defers to the Pension Funds' choice of lead counsel because their choice is not "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on [their] willingness or ability to perform the functions of lead plaintiff." *Cavanaugh*, 306 F.3d at 733; *see also id.* at 739, n.11 (noting that "Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class"). G&E and RGRD have extensive experience as counsel in securities

class actions. *See* Dkt. No. 31-1 at 12–13. The Court thus approves the Pension Funds' selection of counsel.

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Pension Funds' motion. Dkt. No. 31. The Pension Funds are appointed as Lead Plaintiff for the putative class. G&E and RGRD are further approved as Lead Counsel for the putative class. The parties **SHALL** submit a stipulation and proposed order regarding the schedule for the filing of an amended complaint and the filing of Defendants' response by July 14, 2025.

If any party believes a case that is subsequently filed in, or transferred to, this District is related to the above-captioned case, the party shall file an Administrative Motion to Consider Whether Cases Should be Related pursuant to Northern District of California Civil Local Rule 3-12. If the Court grants the motion to relate, the party may then file a motion or stipulation to consolidate the new case with the above-captioned case.

**IT IS SO ORDERED.**

DATED: 6/30/2025

HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE