QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Victoria Blohm Parker (Bar No. 290862)
vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600

*Counsel for Defendants*

Alexander Benjamin Spiro (pro hac vice)
Hope Skibitsky (pro hac vice)
Brenna Nelinson (pro hac vice to be filed)
alexspiro@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
brennanelinson@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| BEN BROWNBACK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLOVIN CORPORATION, ADAM FOROUGHI, HERALD CHEN, MATTHEW STUMPF, and VASILY (BASIL) SHIKIN,<br><br>Defendants. | Case No. 4:25-cv-02772-HSG<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date: March 12, 2026<br>Time: 2:00 p.m.<br>Location: Courtroom 2, 4th Floor<br>Before: Honorable Haywood S. Gilliam |

Defendants AppLovin Corporation ("AppLovin"), Adam Foroughi, Herald Chen, Matthew Stumpf, and Vasily (Basil) Shikin (collectively, "Defendants") respectfully request that the Court take judicial notice of the Exhibits identified below.  All Exhibits are attached to the Declaration of Hope Skibitsky In Support of Defendants' Motion To Dismiss filed concurrently herewith.

The Court should take judicial notice of and consider the contents of Exhibits A through AG (the "Exhibits") described below because each may be properly considered by the Court, and each provides the Court with important context to assess whether Plaintiffs have adequately alleged a securities fraud claim under Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78a.  In resolving a Rule 12(b)(6) motion to dismiss in a securities fraud action, "courts must consider the complaint in its entirety," including (1) "documents incorporated into the complaint by reference," and (2) "matters of which a court may take judicial notice." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)); *see also Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017) (same).  Consideration of these documents is appropriate on a motion to dismiss.  *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) (at the motion to dismiss phase, "[t]he court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint' or proper subjects of judicial notice" (quoting *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998))).  "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  As explained below, the Exhibits have either been incorporated by reference into Plaintiffs' Amended Complaint ("Complaint," Dkt. 61) or are otherwise proper subjects of judicial notice under Federal Rule of Evidence 201.

***Documents Incorporated by Reference:***  The Court may consider the contents of Exhibits A, C, D, E, G, H, I, J, M, and V because each of these documents is incorporated by reference in the Complaint. The Court may "consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the

authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The Complaint relies on the contents of these Exhibits, and Plaintiffs reference these documents extensively to plead their securities fraud claims. *First*, Plaintiffs expressly rely on several of AppLovin's SEC filings, including: (1) AppLovin's 2024 Form 10-K (Ex. I), *e.g.*, ¶¶ 130-32, 193;[1] (2) AppLovin's February 12, 2025 Form 8-K (Ex. F), *e.g.*, ¶¶ 138-39; and (3) AppLovin's February 28, 2025 Form 8-K (Ex. R), *e.g.*, ¶¶ 182-83. *Second*, Plaintiffs extensively rely on several other documents to plead its claims:

- Transcripts of AppLovin earnings calls taking place on August 7, 2024 (Ex. C), *e.g.*, ¶¶ 169-70; November 6, 2024 (Ex. D), *e.g.*, ¶¶ 48-50, 118-20, and February 12, 2025 (Ex. E), *e.g.*, ¶¶ 54-56, 141-42, 144.

- A short-seller report published by Culper Research regarding AppLovin on February 26, 2025 (Ex. G). E.g., ¶¶ 66-77, 191, 203.

- A short-seller report published by Fuzzy Panda Research regarding AppLovin on February 26, 2025 (Ex. H). E.g., ¶¶ 78-81, 203.

- A short-seller report published by Muddy Waters Research regarding AppLovin on March 27, 2025 (Ex. I). E.g., ¶¶ 85-89, 207.

- A report published by The Bear Cave regarding AppLovin on February 20, 2025 (Ex. J). E.g., ¶¶ 66-77, 191, 203.

- Blog posts by AppLovin's CEO Adam Foroughi entitled "Note From Our CEO" dated February 26, 2025 (Ex. AD), "A Note From Our CEO: Discussing Web Advertising Opportunity and Unpacking Pixels" dated March 27, 2025 (Ex. M), "Performance Advertising: How we drive value and handle data" dated March 31, 2025 (Ex. AF), and a blog post by AppLovin's CTO Vasily (Basil) Shikin entitled "Examination of e-commerce data practices" dated March 31, 2025 (Ex. AG). E.g., ¶¶ 91, 147.

- AppLovin's historical stock price, reflected in the AppLovin Historical Stock Price Chart produced by TradingView.com on November 3, 2025 (Ex. V). *E.g.*, 6, 8, 51, 58.

The above documents are relied on by Plaintiffs, are central to Plaintiffs' claims, and their authenticity is

---

[1] References to "¶ _" are to the Complaint, Dkt. 61.

not in question.

The contents of the above Exhibits, which are incorporated by reference into the Complaint, can properly be considered in resolving Defendants' Motion to Dismiss. *See, e.g.*, *Bhangal v. Hawaiian Elec. Indus., Inc.*, 2024 WL 4505465, at *6 (N.D. Cal. Oct. 15, 2024) (considering documents incorporated by reference in complaint); *Norfolk Cnty. Ret. Sys. v. Solazyme, Inc.*, 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016) (same); *see also Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *10 (N.D. Cal. Aug. 30, 2017) (SEC filings referenced in the complaint "are proper subjects of judicial notice"); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

***Documents Filed with the SEC:*** The Court may also take judicial notice of the contents of Exhibits A, B, F, R, S, T, W, X, Y, Z, AA, and AB because these are documents filed with the SEC, specifically Forms 8-K, 10-K, 10-Q, 4, and 144 filed with the SEC by AppLovin and its executives. Courts routinely take judicial notice of these types of SEC filings and consider their contents on motions to dismiss. *See, e.g.*, *Bhangal*, 2024 WL 4505465, at *6 (taking judicial notice of SEC filings because "courts routinely take judicial notice of SEC filings in securities cases" (quotation marks omitted)); *Norfolk Cnty.*, 2016 WL 7475555, at *1 n.1 (taking judicial notice of SEC filings); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings is "proper"); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed."); *Yahoo!*, 2017 WL 3727318, at *10 ("SEC filings and documents on government websites are proper subjects of judicial notice.").

***Websites:*** The Court may take judicial notice of Exhibits L (The Bear Cave website "About" page as of February 8, 2025 collected via Internet Archive's Wayback Machine), U (a news release from S&P Dow Jones Indices dated September 5, 2025), M, AD, AF, and AG (blog posts posted to AppLovin's website), and AE (newsletter posted to AppLovin's website). *See, e.g.*, *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("websites and their contents may be judicially

noticed"); *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Parziale v. HP, Inc.*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) ("[D]istrict courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine[.]").  Defendants cite Exhibits L, M, U, AD, AE, AF, and AG to demonstrate what information was available to the market during the Class Period; in particular, that The Bear Cave held itself out as a short seller and that AppLovin was added to the S&P in September 2025.  *See DoorDash, Inc. v. City & Cnty. of S.F.*, 2022 WL 867254, at *6 (N.D. Cal. Mar. 23, 2022) ("information on publicly accessible websites can be subject to judicial notice to show what information was in the public realm and not for the truth of the statements"); *Bhangal*, 2024 WL 4505465, at *6 (taking judicial notice of "screenshots of HEI and HECO's corporate pages").

*Earnings Call/Conference Transcripts:*  In addition to being incorporated by reference into the Complaint, the earnings call transcripts cited by Defendants (Exs. C, D, E, and AC) are proper subjects of judicial notice.  Courts in this District routinely find that earnings call transcripts are judicially noticeable. *E.g.*, *Sneed v. AcelRx Pharm., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) ("transcripts of earnings calls . . . are proper subjects of judicial notice"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) (similar).

*Analyst Reports:*  The analyst reports cited by Defendants (Exs. K, N, O, P, and Q) are proper subjects of judicial notice.  "[C]ourts routinely take judicial notice of analyst reports . . . to determine what may or may not have been disclosed to the public." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011); *see also, e.g.*, *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) ("Analyst reports are subject to judicial notice . . . to determine the information available to the market."); *Okla. Firefighters Pension & Ret. Sys., v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Ca. 2014) (taking judicial notice of multiple analyst reports); *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008) (taking judicial notice of analyst reports because it is "appropriate" to consider analyst reports to show whether and when information was provided to the market); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Ca. 2004) (analyst reports are the "proper subject[s]

of judicial notice").

For the foregoing reasons, Defendants respectfully request that their motion for judicial notice and consideration of Exhibits A through AG be granted.

***Exhibits Incorporated by Reference and/or Subject to Judicial Notice***:

| Ex. | Document | Basis for Consideration |
|---|---|---|
| A | AppLovin 2024 Form 10-K | Incorporated by Reference (*e.g.*, ¶¶ 130-32, 193); Judicial Notice of SEC Filing |
| B | AppLovin 2025 Q2 Form 10-Q | Judicial Notice of SEC Filing |
| C | AppLovin 2024 Q2 Earnings Call | Incorporated by Reference (*e.g.*, ¶¶ 169-70); Judicial Notice of Earnings Call Transcript |
| D | AppLovin 2024 Q3 Earnings Call | Incorporated by Reference (*e.g.*, ¶¶ 48-50, 118-20); Judicial Notice of Earnings Call Transcript |
| E | AppLovin 2024 Q4 Earnings Call | Incorporated by Reference (*e.g.*, ¶¶ 54-56, 141-42, 144); Judicial Notice of Earnings Call Transcript |
| F | AppLovin Form 8-K dated February 12, 2025 (2024 Q4 Earnings) | Incorporated by Reference (*e.g.*, ¶¶ 138-39); Judicial Notice of SEC Filing |
| G | Culper Short Report dated February 26, 2025 | Incorporated by Reference (*e.g.*, ¶¶ 66-77, 191, 203) |
| H | Fuzzy Panda Short Report dated February 26, 2025 | Incorporated by Reference (*e.g.*, ¶¶ 78-81, 203) |
| I | Muddy Waters Short Report dated March 27, 2025 | Incorporated by Reference (*e.g.*, ¶¶ 85-89, 207) |
| J | Bear Cave Report dated February 20, 2025 | Incorporated by Reference (*e.g.*, ¶¶ 60-63, 199) |
| K | Wedbush Analyst Report dated February 26, 2025 | Judicial Notice of Analyst Report |
| L | The Bear Cave, About page | Judicial Notice of Website |
| M | AppLovin Blog Post, "A Note From Our CEO: Discussing Web Advertising Opportunity and Unpacking Pixels" dated March 27, 2025 | Incorporated by Reference (*e.g.*, ¶¶ 91, 147); Judicial Notice of Website |
| N | BTIG Analyst Report dated February 26, 2025 | Judicial Notice of Analyst Report |
| O | HSBC Analyst Report dated February 26, 2025 | Judicial Notice of Analyst Report |

| P | Piper Sandler Analyst Report dated February 27, 2025 | Judicial Notice of Analyst Report |
|---|---|---|
| Q | Benchmark Analyst Report dated February 27, 2025 | Judicial Notice of Analyst Report |
| R | AppLovin Form 8-K dated February 28, 2025 | Incorporated by Reference (*e.g.*, ¶¶ 182-83); Judicial Notice of SEC Filing |
| S | AppLovin Form 8-K dated August 6, 2025 (Q2 2025 Earnings) | Judicial Notice of SEC Filing |
| T | AppLovin Form 8-K dated November 5, 2025 (Q3 2025 Earnings) | Judicial Notice of SEC Filing |
| U | S&P Dow Jones Indices News Release dated September 5, 2025 | Judicial Notice of Website |
| V | AppLovin Historical Stock Price Chart | Incorporated by Reference (*e.g.*, ¶¶ 6, 8, 51, 58) |
| W | AppLovin (Shikin) Form 144 dated May 23, 2025 | Judicial Notice of SEC Filing |
| X | AppLovin Insider Trading Policy as of February 21, 2023 | Judicial Notice of SEC Filing |
| Y | AppLovin (Foroughi) Forms 4 | Judicial Notice of SEC Filing |
| Z | AppLovin (Chen) Forms 4 | Judicial Notice of SEC Filing |
| AA | AppLovin (Vasily) Forms 4 | Judicial Notice of SEC Filing |
| AB | AppLovin (Stumpf) Forms 4 | Judicial Notice of SEC Filing |
| AC | AppLovin 2025 Q1 Earnings Call | Judicial Notice of Earnings Call Transcript |
| AD | AppLovin Blog Post, "A Note From Our CEO" dated February 26, 2025 | Incorporated by Reference (*e.g.*, ¶¶ 91, 147); Judicial Notice of Website |
| AE | AppLovin Newsletter dated April 7, 2025 | Judicial Notice of Website |
| AF | AppLovin Blog Post, "Performance Advertising: How we drive value and handle data" dated March 31, 2025 | Incorporated by Reference (*e.g.*, ¶¶ 91, 147); Judicial Notice of Website |
| AG | AppLovin Blog Post, "Examination of e-commerce data practices" dated March 31, 2025 | Incorporated by Reference (*e.g.*, ¶¶ 91, 147); Judicial Notice of Website |

DATED: November 14, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alexander Benjamin Spiro*

Victoria Blohm Parker (Bar No. 290862)
vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600

Alexander Benjamin Spiro (pro hac vice)
Hope Skibitsky (pro hac vice)
Brenna Nelinson (pro hac vice to be filed)
alexspiro@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
brennanelinson@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Defendants*

Case No. 4:25-cv-02772-HSG
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE