Shawn A. Williams (Cal. Bar Id. 213113)
**ROBBINS GELLER RUDMAN**
  **& DOWD LLP**
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Tel.: (415) 288-4545
Fax: (415) 288-4534
Email: shawnw@rgrdlaw.com

[Additional counsel appear below]

*Counsel for Lead Plaintiffs and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| BEN BROWNBACK, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>   vs.<br><br>APPLOVIN CORPORATION, et al.,<br><br>                    Defendants. | Case No. 4:25-cv-02772-HSG<br><br>CLASS ACTION<br><br>LEAD PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUPPLEMENT THE AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE:    March 12, 2026<br>TIME:    2:00 p.m.<br>CTRM:  2, 4th Floor<br>JUDGE:  Honorable Haywood S. Gilliam, Jr. |

4914-9691-6610.v1

TO:   THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on March 12, 2026, at 2:00 p.m., in the courtroom of the Honorable Haywood S. Gilliam, Jr., Courtroom 2, 4th Floor, United States District Court, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, Lead Plaintiffs Northern California Pipe Trades Trust Funds and Monroe County Employees' Retirement System (together, "Lead Plaintiffs") will and hereby do move to supplement the operative Amended Complaint for Violations of the Federal Securities Laws (ECF No. 61) (the "Complaint") pursuant to Rule 15(d) of the Federal Rules of Civil Procedure to include events that occurred following the Complaint's filing, and submit as Exhibit A to the Declaration of J. Marco Janoski Gray in Support of Lead Plaintiffs' Motion to Supplement the Amended Complaint ("Janoski Decl."), filed concurrently herewith, the [Proposed] Supplement to the Amended Complaint for Violations of the Federal Securities Laws ("Supplement" or "Suppl.").

## STATEMENT OF ISSUES

Whether to permit Lead Plaintiffs to serve a supplemental pleading (of less than five pages) in order to supplement the Complaint to include relevant facts and events that post-date the filing of the Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Lead Plaintiffs bring this Motion to supplement the Complaint to include recent developments that are relevant to both the Complaint and Defendants' pending Motion to Dismiss Amended Complaint (ECF No. 71) ("Motion to Dismiss").[1]  Specifically, Lead Plaintiffs seek to supplement the Complaint (filed September 12, 2025) to include allegations of additional facts made public in October and November 2025 concerning:

- Investigations launched by the U.S. Securities and Exchange Commission ("SEC") and multiple state attorneys general into AppLovin's improper data collection practices described in the Complaint (*see* Suppl., §XIV.A.; Complaint, ¶¶78, 81, 87-89, 113);

---

[1]   "Defendants" are AppLovin Corporation ("AppLovin" or the "Company"), Adam Foroughi, Herald Chen, Matthew Stumpf, and Vasily (Basil) Shikin.  Unless otherwise noted, all emphasis is added and citations are omitted.

- AppLovin's decision to shutter its Array product tied to the Company's nonconsensual installation practices described in the Complaint (*see* Suppl., §XIV.B.; Complaint, ¶¶69-72, 99-105); and

- The release of the Company's third quarter 2025 earnings results, which results are relevant to the Complaint's allegations that the Company's e-commerce pilot was not as scalable as Defendants had led the market to believe (*see* Suppl., §XIV.C.; Complaint, ¶¶45, 47-55, 106-114).

Rule 15(d) contemplates this precise scenario, allowing parties "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Lead Plaintiffs' proposed four-page Supplement promotes judicial efficiency by allowing the Court to properly consider these new facts in ruling on the pending Motion to Dismiss while avoiding the delays that would accompany a Rule 15(a) amendment. Nor is there any prejudice to Defendants, as they were provided advance notice of the proposed Supplement and have the opportunity to address its substance in their reply brief under the existing briefing schedule for the Motion to Dismiss. In fact, and as explained below, all of the relevant factors weigh in favor of granting leave to supplement the Complaint. Defendants cannot credibly dispute any of the five factors.

Accordingly, Lead Plaintiffs respectfully request that the Court grant leave to supplement the Complaint and permit Lead Plaintiffs to file the Supplement attached hereto as Exhibit A.

## II.     RELEVANT PROCEDURAL HISTORY

Lead Plaintiffs filed the Complaint on September 12, 2025. The Complaint alleges that, *inter alia*, Defendants implemented a series of improper and deceptive business practices that artificially inflated the Company's reported performance metrics and stock price, including: (a) installing applications onto users' devices without their knowledge; (b) flooding users with manipulative advertisements designed to maximize clicks and inflate engagement; (c) running advertisements in the background without users ever seeing them; and (d) retargeting and remarketing e-commerce consumers by engaging in artificial ad exposure to manipulate attribution and claim credit for sales actually driven by Meta Platforms, Inc. (*i.e.*, Facebook and Instagram). Complaint, ¶¶98-114. Through this scheme—and coupled with their misleading public statements regarding AppLovin's nascent e-commerce business and key revenue drivers (*id.*, ¶¶115-148)—Defendants and other

Company insiders were able to offload more than $2.6 billion in stock as AppLovin's Class A shares traded at artificially inflated prices (*id.*, ¶¶149-162). The Complaint alleges that the truth about Defendants' deceptive practices and the unsustainable and unscalable nature of the Company's pivot to e-commerce were revealed to the market in three separate disclosures between February 20, 2025 and March 27, 2025. *Id.*, ¶¶195-209.

On November 14, 2025, Defendants filed the Motion to Dismiss. On December 22, 2025, Lead Plaintiffs informed Defendants of their intention to supplement the Complaint and provided them with a draft copy of the Supplement. *See* Janoski Decl., ¶2 & Ex. B. The parties met and conferred on this matter telephonically on January 7, 2026 and via subsequent email communications on January 8, 2026. *Id.* Defendants stated that they oppose this Motion to supplement the Complaint. *Id.*

## III.    LEGAL STANDARD

Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "'The rule is designed to give a party every opportunity to join all of his grievances against another party regardless of when they arose' and 'the court should freely grant a party's request to file a supplemental pleading when the supplemental facts connect it to the original pleading.'" *Masimo Corp. v. Apple Inc.*, 2022 WL 2168883, at *1 (C.D. Cal. June 2, 2022) (quoting *Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli*, 213 F.R.D. 63, 66 (D.D.C. 2003)); *see also Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (recognizing that "Rule 15 advises the court that 'leave shall be freely given when justice so requires,'" and "[t]his policy is 'to be applied with extreme liberality'").

In deciding a motion to supplement a complaint under Rule 15(d), courts apply the same legal standard "'as for amending [a complaint] under Rule 15(a),'" and generally consider the five factors enumerated in *Foman v. Davis*, 371 U.S. 178, 182 (1962): "'(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.'" *Scheller v. Nutanix, Inc.*, 2021 WL 3616771, at *1 (N.D. Cal. Aug. 16, 2021) (quoting *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015)). "Courts also consider whether allowing leave to supplement would align with the

LEAD PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUPPLEMENT THE AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES - 4:25-cv-02772-HSG
4914-9691-6610.v1

- 3 -

goal of Rule 15(d), which is to promote judicial efficiency." *Lyon*, 308 F.R.D. at 214. "Absent prejudice or a 'strong showing' of any other *Foman* factor, there is a presumption in favor of granting leave to supplement." *Id.*; *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (supplemental pleadings "'ought to be allowed as of course, unless some particular reason for disallowing them appears'").

## IV.   ARGUMENT

Supplementation of the Complaint here promotes judicial economy and convenience by allowing the Court to consider the additional facts included in the Supplement—all of which became public after the filing of the Complaint—under the current briefing schedule for Defendants' pending Motion to Dismiss. Each of the five *Foman* factors weighs in favor of granting this Motion.

### A.   There Has Been No Undue Delay

The mere "passage of time is not, in and of itself, undue delay." *Johnson v. Serenity Transp., Inc.*, 2015 WL 4913266, at \*5 (N.D. Cal. Aug. 17, 2015). Rather, the relevant inquiry is "whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings." *Id.*

Here, there is no dispute that this Motion is timely. The facts at issue in the Supplement were all published after the filing of the operative Complaint, and Lead Plaintiffs have promptly moved to supplement the Complaint at the earliest opportunity in connection with their opposition to Defendants' Motion to Dismiss. And since deadlines for amending the pleadings and completing discovery have not been set in this case yet, this factor favors granting this Motion. *See Dauth v. Convenience Retailers, LLC*, 2013 WL 12440997, at \*3 (N.D. Cal. July 31, 2013) (finding no undue delay where motion to amend was filed prior to deadline to amend pleadings, and recognizing that "courts have found that undue delay cannot exist where discovery has not ended").

### B.   There Has Been No Bad Faith or Dilatory Motive

Nor has this Motion been brought in bad faith or for a dilatory motive. The need to supplement the Complaint arises from subsequent, post-Complaint events. And supplementation is directly relevant to the challenges Defendants raise in their Motion to Dismiss.

In the context of a motion for leave to amend or supplement, "'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Ent.*

*LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015). Since the Supplement will not prejudice Defendants, there is no bad faith or dilatory motive here. *See Johnson*, 2015 WL 4913266, at *4 ("For example, courts have denied leave to amend due to bad faith where the plaintiff's motion was brought 'to avoid the possibility of an adverse summary judgment ruling' and would prejudice defendant by requiring re-opening of discovery, or where the plaintiff's motive was to destroy diversity and, therefore, the court's jurisdiction."). This factor favors granting this Motion.

### C.     There Have Been No Repeated Failures

This is the first requested supplement. This factor favors granting this Motion, as Lead Plaintiffs have not repeatedly failed to amend or supplement their pleading.

### D.     There Is No Prejudice to Defendants

On a Rule 15 motion, "a court evaluates prejudice in terms of, *e.g.*, whether discovery cut-offs have passed, how close trial is, and so forth." *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013); *see also Johnson*, 2015 WL 4913266, at *5 ("Ninth Circuit case law indicates that a defendant may establish prejudice by demonstrating that a motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close.") (collecting cases). "To overcome Rule 15[]'s liberal policy favoring leave, the prejudice to the opposing party must be '***substantial***.'" *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1047 (N.D. Cal. 2021).

Here, Defendants will suffer no prejudice from the Supplement. Discovery has not yet started as the parties are subject to the Private Securities Litigation Reform Act of 1995's mandatory stay of discovery during the pendency of Defendants' Motion to Dismiss. *See* 15 U.S.C. §78u-4(b)(3)(B). Any claimed "prejudice [is thus] doubtful" since the case is still in the pleading stage. *Johnson*, 2015 WL 4913266, at *5; *see also Organic Pastures Dairy Co., LLC v. Sebelius*, 2013 WL 1966464, at *3 (E.D. Cal. May 10, 2013) (finding neither prejudice nor delay where plaintiff filed a motion to amend when the "matter has not yet gone beyond the pleading stage"); *Gulcynski v. Fid. Nat'l Title Grp.*, 2007 WL 1231635, at *5 (S.D. Cal. Apr. 26, 2007) (same).

While the Supplement adds new facts, it does not change or alter the Complaint's claims, class period, parties, or legal theories. Thus, there is no undue prejudice to Defendants, especially considering that the Supplement will not reopen discovery or hinder Defendants' ability to prepare for

trial in any way. And, given that the Supplement spans four pages (most of which is consumed by block quotes) and is being filed concurrently with Lead Plaintiffs' opposition to the Motion to Dismiss, Defendants will suffer no prejudice in litigating their Motion to Dismiss, as they will have ample opportunity to address these new facts in their reply brief. This factor favors granting this Motion.

### E.     The Proposed Supplement Is Not Futile

The "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under this standard, a court must "consider the complaint in its entirety," "accept all factual allegations . . . as true," and construe those allegations in the light most favorable to the plaintiff. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322-23 (2007). Thus, a "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller*, 845 F.2d at 214; *James v. Uber Techs. Inc*., 2021 WL 2476809, at *4 (N.D. Cal. June 17, 2021). Denial of such motions on futility grounds is "rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id*.; *Bd. of Trs. of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*, 2010 WL 760452, at *3 (N.D. Cal. Mar. 4, 2010) ("In general, the futility of an amendment is better tested in a motion to dismiss for failure to state a claim or a summary judgment motion.").

Lead Plaintiffs' proposed Supplement is not futile. The facts contained therein further corroborate the Complaint's allegations and refute the reliability arguments Defendants raise in their Motion to Dismiss:[2]

- The October 2025 reports of the SEC and state attorneys general investigations buttress the strong inference of Defendants' scienter and further demonstrate the reliability of the allegations of AppLovin's improper data-collection practices described in the Complaint (*see* Suppl., §XIV.A.; Complaint, ¶¶78, 81, 87-89, 113);

[2]   In the Motion to Dismiss, Defendants urge the Court to disregard the Complaint's allegations on the grounds that they are purportedly based on unreliable and/or unsubstantiated sources. *See, e.g.*, Motion to Dismiss at 1-2, 4-7, 13-15, 25.

- The October 2025 publication of Dr. Ben Edelman's analysis and the shuttering of Array further corroborate the Complaint's allegations surrounding AppLovin's unwanted installation scheme (*see* Suppl., §XIV.B.; Complaint, ¶¶69-72, 99-105); and

- Defendants' November 5, 2025 disclosures regarding the Company's e-commerce business further confirm that AppLovin's e-commerce pilot was not as scalable or demonstrative of the future growth as Defendants had led investors to believe throughout the class period (*see* Suppl., §XIV.C.; Complaint, ¶¶45, 47-55, 106-114).

Since the Supplement provides corroborating facts that support Lead Plaintiffs' claims of Defendants' violations of the federal securities laws, this factor favors granting this Motion.

## V.      CONCLUSION

For all the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant this Motion and allow Lead Plaintiffs to file the Supplement (Ex. A).

DATED: January 12, 2026                              Respectfully submitted,


                                                     */s/ Marco Janoski*
                                                     J. Marco Janoski Gray (Cal. Bar Id. 306547)
                                                     Ashley M. Kelly (Cal. Bar Id. 281597)
                                                     John M. Kelley (Cal. Bar Id. 339965)
                                                     ROBBINS GELLER RUDMAN & DOWD LLP
                                                     655 West Broadway, Suite 1900
                                                     San Diego, CA  92101
                                                     Tel.: (619) 231-1058
                                                     Fax: (619) 231-7423
                                                     Email: ashleyk@rgrdlaw.com
                                                     Email: mjanoski@rgrdlaw.com
                                                     Email: jkelley@rgrdlaw.com

                                                     Shawn A. Williams (Cal. Bar Id. 213113)
                                                     ROBBINS GELLER RUDMAN & DOWD LLP
                                                     Post Montgomery Center
                                                     One Montgomery Street, Suite 1800
                                                     San Francisco, CA  94104
                                                     Tel.: (415) 288-4545
                                                     Fax: (415) 288-4534
                                                     Email: shawnw@rgrdlaw.com

DATED: January 12, 2026

/s/ Karin E. Fisch

Karin E. Fisch (admitted *pro hac vice*)
Vincent J. Pontrello (admitted *pro hac vice*)
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY  10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: kfisch@gelaw.com
Email: vpontrello@gelaw.com

M. Elizabeth Graham (Cal. Bar Id. 143085)
GRANT & EISENHOFER P.A.
2325 3rd Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

*Counsel for Lead Plaintiffs and Lead Counsel for the Class*

Thomas C. Michaud
VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
79 Alfred Street
Detroit, MI  48201
Tel.: (313) 578-1200
Fax: (313) 578-1201
Email: tmichaud@vmtlaw.com

*Additional Counsel*

**CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, J. MARCO JANOSKI GRAY, am the ECF User whose identification and password are being used to file this document. Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: January 12, 2026

_____
*/s/ Marco Janoski*
J. MARCO JANOSKI GRAY