QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
Victoria Blohm Parker (Bar No. 290862)
vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600

Alexander Benjamin Spiro (pro hac vice)
Hope D. Skibitsky (pro hac vice)
Brenna Nelinson (pro hac vice pending)
alexspiro@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
brennanelinson@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| BEN BROWNBACK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLOVIN CORPORATION, ADAM FOROUGHI, HERALD CHEN, MATTHEW STUMPF, and VASILY (BASIL) SHIKIN,<br><br>Defendants. | Case No. 4:25-cv-02772-HSG<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE**<br><br>Date: March 12, 2026<br>Time: 2:00 p.m.<br>Location: Courtroom 2, 4th Floor<br>Before: Honorable Haywood S. Gilliam |

**INTRODUCTION**

Plaintiffs' Opposition (Dkt. 75) ("Opp.") to Defendants' Request for Judicial Notice In Support Of Defendants' Motion to Dismiss the Amended Complaint (Dkt. 72) ("RJN") confirms that the Court should grant Defendants' RJN in its entirety. Plaintiffs do not oppose judicial notice of the vast majority of Defendants' exhibits. Opp. at 1. As to the remainder, Plaintiffs' objections are meritless.

*First*, Plaintiffs object to judicial notice of the analyst reports (Exs. K, N, O, P, Q) on grounds of "public availability" and "inherent bias." But Plaintiffs do not actually dispute that the reports were publicly available. And, contrary to Plaintiffs' claims, Defendants use the reports not to prove that the analysts' conclusions were correct, but to show that these views were published and available to the market during the Class Period. Courts routinely take judicial notice of analyst reports for this purpose.

*Second*, Plaintiffs' remaining objections fare no better. Plaintiffs do not dispute that historical stock prices (Ex. V) and SEC filings (Exs. B, S, T, W, X) are classic subjects of judicial notice; their objections instead go to relevance and weight, not noticeability. As to AppLovin's Q1 2025 earnings call transcript (Ex. AC), earnings calls are routinely noticed and Defendants cite the transcript for what AppLovin publicly disclosed—not to prove those disclosures were true. And regarding the website printouts (Exs. L, AE), Defendants seek notice of what these documents say on their face, not the truth of the matters asserted therein.

The Court should grant judicial notice of Exhibits A through AG.

**ARGUMENT**

Plaintiffs concede that judicial notice is appropriate for Exhibits A, C-J, M, R, Y-AB, AD, AF-AG. And as for the remainder, Plaintiffs misapprehend the applicable law.

**I.    Plaintiffs' Limitations on Unopposed Exhibits Should Be Rejected[1]**

Plaintiffs concede that judicial notice is appropriate for Exhibits B, T, W, and X—documents filed with the SEC—but then attempt to impose limitations based on a misunderstanding of how Defendants' Motion to Dismiss Amended Complaint (Dkt. 71) ("Motion to Dismiss" or "MTD") uses these documents.

---

[1] Plaintiffs incorrectly claim that Exhibit S "is not cited or referenced anywhere in the Motion to Dismiss." Opp. 5 n.3. Exhibit S is plainly cited in the Motion to Dismiss, MTD at 6, and should be judicially noticed.

Opp. at 4-5. These limitations should be rejected.

**Exhibit B.** Ex. B is AppLovin's Q2 2025 Form 10-Q. The Motion to Dismiss cites this filing for AppLovin's description of how its AI-powered advertising recommendation engine ("Axon") works—specifically, that Axon "mak[es] predictions about the users most likely to engage" with advertisements. MTD at 3. Plaintiffs do not dispute that Exhibit B contains this description. Opp. at 4. The Court may consider what AppLovin disclosed in its SEC filings about its technology. *See Reckstin Family Trust v. C3.ai, Inc.*, 718 F. Supp. 3d 949, 966 (N.D. Cal. 2024) (the "accuracy" of "publicly filed SEC documents cannot reasonably be questioned"); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice).

**Exhibit T.** Exhibit T is AppLovin's Q3 2025 Form 8-K and accompanying press release. The Motion to Dismiss cites Ex. T for AppLovin's announcement that "its Board increased the preexisting share repurchase authorization by $3.2 billion." MTD at 6. The press release states precisely that: "our board of directors has increased our share repurchase authorization by an incremental $3.2 billion." Ex. T at 4. Plaintiffs' objection that the document "does not state whether any repurchases actually occurred," Opp. at 4, is irrelevant. Plaintiffs do not dispute that Exhibit T contains this announcement. The Court may take notice of AppLovin's Form 8-K and accompanying press release. *See Reckstin*, 718 F. Supp. 3d at 966-67 (taking judicial notice of Forms 8-K).

**Exhibit W.** Exhibit W is defendant Shikin's Form 144 filed with the SEC. Defendants cite this document to show that Shikin's trades were made pursuant to a Rule 10b5-1 trading plan adopted on December 9, 2024. MTD at 10-11; Appendix B; Ex. W at 3. Plaintiffs object that the Form 144 does not establish that the trades were made pursuant to a "valid" 10b5-1 plan. Opp. at 4. But courts regularly take judicial notice of Forms 4 and Forms 144 to evaluate scienter allegations. *See, e.g.*, *Reckstin*, 718 F. Supp. 3d at 966 (taking judicial notice of Forms 4 and Forms 144); *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) (considering Forms 4 for the purpose of evaluating stock sales and scienter allegations); *In re Solarcity Corp.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (judicial notice of Form 4 proper because it is "relevant for the purpose of evaluating scienter").

**Exhibit X.** Exhibit X is AppLovin's Insider Trading Policy, filed with the SEC as an exhibit to AppLovin's Form 10-K. Defendants cite this document to show that the Individual Defendants' trades

occurred during one of AppLovin's open trading windows—the only time insiders are permitted to trade under company policy. MTD at 11. Plaintiffs object that the policy "does not show that any specific sale was required to occur during that window." Opp. at 4. But Defendants cite the policy to show that trades during open windows are consistent with the company's established procedures—a fact relevant to scienter. Courts regularly take judicial notice of SEC filings to evaluate scienter. *See Reckstin*, 718 F. Supp. 3d at 966-67; *Dreiling*, 458 F.3d at 946 n.2. Plaintiffs do not dispute the policy's contents or that it was publicly filed with the SEC.

## II. The Analyst Reports (Exs. K, N, O, P, Q) Should Be Judicially Noticed

Plaintiffs argue that Defendants have not shown the analyst reports were "publicly available," that they reflect "inherent bias," and that they are offered to prove disputed facts. Opp. at 5-7. None of these objections has merit.

Plaintiffs do not actually dispute that the analyst reports were publicly available—they argue only that "Defendants have failed to demonstrate" availability. Opp. at 5. But the analyst reports speak for themselves and are dated February 26-27, 2025—squarely within the Class Period. Courts routinely take judicial notice of such reports without requiring proof of distribution lists or subscriber counts. *See In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) ("courts routinely take judicial notice of analyst reports … to determine what may or may not have been disclosed to the public"); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (same); *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008) (same); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1024 (C.D. Cal. 2008) (same). Plaintiffs' citation to a book about how sell-side research is "typically" distributed, Opp. at 5, is irrelevant.

Plaintiffs next argue that analyst reports "reflect an inherent bias" that renders them improper subjects of judicial notice. Opp. at 5-6. But Defendants do not offer the analyst reports to prove that the analysts' conclusions were *correct*—i.e., that the short seller allegations in fact lacked merit. Defendants offer the reports to show that these views were *published* and thus available to the market during the Class Period. The Motion to Dismiss merely identifies facts about what the reports say; that Benchmark Equity Research stated the short seller reports "are based on speculation, mischaracterization, and misinformation," Ex. Q at 1; that HSBC analysts found "little merit" in the "short seller reports," Ex. O at

1; that Piper Sandler maintained its "buy" rating for AppLovin, Ex. P at 1; and that BTIG stated that the issues identified in the short reports "have almost no merit," Ex. N at 1. MTD at 5-6. The Court need not credit the analysts' opinions to notice that the opinions were published. Because Defendants seek notice only of the former, the analysts' alleged bias is irrelevant. In any event, Plaintiffs can hardly complain of "inherent bias" while relying on reports published by short sellers who stood to profit from a decline in AppLovin's stock price. *See* MTD at 24.

Plaintiffs' cases underscore this point. In *In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at *4 (S.D. Cal. Sept. 25, 2019), the court declined to notice an analyst report published by an "Underwriter Defendant"—a named party whose credibility was directly at issue. None of the analyst reports in Exs. K, N, O, P, Q were published by a party to the action. And in *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016), the court declined notice of analyst reports that "post-date[d] the events at issue" and thus could not "establish whether the market knew" relevant information "during the Class Period." Here, by contrast, the analyst reports are dated February 26-27, 2025—within the Class Period—and go directly to what information was available to the market at the relevant time.

### III.   The Historical Stock Price Chart Should Be Judicially Noticed (Ex. V)

Plaintiffs object that Exhibit V extends beyond the Class Period and is used to draw inferences about scienter. Opp. at 7-8. But historical stock prices from established sources are classic subjects of judicial notice. *See Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) ("Because publically [sic] traded companies historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them.").

That AppLovin's historical stock prices may be useful to Defendants' scienter arguments is not a reason to deny Defendants' request for judicial notice of the stock chart. Neither of the cases Plaintiffs rely on supports their position. In *In re Cadence Design Sys., Inc. Sec. Litig.*, 692 F. Supp. 2d 1181, 1193 n.10 (N.D. Cal. 2010), the court declined to notice the defendants' stock prices on a motion to dismiss only because the motion focused "exclusively on scienter" and the stock prices did not "illuminate the questions of scienter in th[at] case." And *In re Apple Inc. Sec. Litig.*, 678 F. Supp. 3d 1147, 1153 (N.D. Cal. 2023), defendants sought to introduce a news article reporting Apple's market cap. The court declined to notice the article because it contained "irrelevant character evidence." *Id.* Here, Defendants

seek notice of publicly verifiable trading data—the same type of data the Complaint itself relies on. *See* Dkt. 61 ("Compl.") ¶¶ 6, 8, 51, 58 (citing AppLovin stock price data). Plaintiffs do not (and cannot) claim this information is irrelevant, given that they themselves rely on AppLovin's stock prices to support their claims.

### IV.  The Q1 2025 Earnings Call Transcript (Ex. AC) Should Be Judicially Noticed

Earnings call transcripts are routinely noticed. *Sneed v. AcelRx Pharm., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) ("transcripts of earnings calls … are proper subjects of judicial notice"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) (same). Plaintiffs do not dispute this. Instead, they claim that Exhibit AC is offered for an improper "truth on the market" defense. Opp. at 8-9. But Defendants cite Ex. AC to show what AppLovin publicly disclosed about its e-commerce pilot—not to prove those disclosures were true. *See* MTD at 3 (citing Ex. AC at 5, 9); MTD at 22 (citing Ex. AC at 3, 11). The transcript's existence and contents are not subject to reasonable dispute.

### V.  The Website Printouts (Exs. L, AE) Should Be Judicially Noticed

Website content is judicially noticeable to show what information was in the public realm. *DoorDash, Inc. v. City & Cnty. of S.F.*, 2022 WL 867254, at *6 (N.D. Cal. Mar. 23, 2022) ("[I]nformation on publicly accessible websites can be subject to judicial notice to show what information was in the public realm and not for the truth of the statements."); *Threshold Enters. v. Pressed Juicery*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *Parziale v. HP, Inc.*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020). Exhibit L is The Bear Cave's "About" page, which the Motion to Dismiss cites to show that The Bear Cave disclaimed its accuracy and held itself out as part of "the short world." MTD at 5. Exhibit AE is an AppLovin newsletter, which the Motion to Dismiss cites to show information AppLovin had publicly disclosed. MTD at 22. Plaintiffs' objection that Defendants seek to "inject factual assertions" (Opp. at 9) misses the point: Defendants cite these documents for what they say on their face, not for the truth of the statements contained therein.

### VI.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant judicial notice of Exhibits A through AG.

| | | |
|---|---|---|
| 1 | DATED: February 2, 2026 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By: */s/ Alexander Benjamin Spiro*

Victoria Blohm Parker (Bar No. 290862)
vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600

Alexander Benjamin Spiro (pro hac vice)
Hope D. Skibitsky (pro hac vice)
Brenna Nelinson (pro hac vice pending)
alexspiro@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
brennanelinson@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Defendants*