1 | Shawn A. Williams (Cal. Bar Id. 213113)
**ROBBINS GELLER RUDMAN**
2 |   **& DOWD LLP**
Post Montgomery Center
3 | One Montgomery Street, Suite 1800
San Francisco, CA  94104
4 | Tel.: (415) 288-4545
Fax: (415) 288-4534
5 | Email: shawnw@rgrdlaw.com

6 | [Additional counsel appear below]

7 | *Counsel for Lead Plaintiffs and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| BEN BROWNBACK, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>APPLOVIN CORPORATION, et al.,<br><br>                Defendants. | Case No. 4:25-cv-02772-HSG<br><br><u>CLASS ACTION</u><br><br>LEAD PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO SUPPLEMENT THE AMENDED COMPLAINT<br><br>DATE:    March 12, 2026<br>TIME:    2:00 p.m.<br>CTRM:  2, 4th Floor<br>JUDGE:  Honorable Haywood S. Gillam, Jr. |

4916-6723-2911.v1

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. THE SUPPLEMENT IS NOT FUTILE ........................................................................2

    A. The Court Should Consider All Available Facts at the Pleading Stage...................2

    B. The Supplement Corroborates Facts Pled in the Complaint ....................................3

        1. Reports of Government Investigations into AppLovin................................4

        2. AppLovin Shuts Down Array and Dr. Edelman's Analyses .......................5

        3. AppLovin Declines to Provide E-Commerce Financial Results..................6

    C. Post-Class Period Developments Are Relevant........................................................7

III. DEFENDANTS WILL SUFFER NO UNDUE PREJUDICE..............................................8

IV. THERE HAS BEEN NO UNDUE DELAY ...........................................................................9

V. THE MOTION TO SUPPLEMENT DOES NOT IMPLICATE LEAD PLAINTIFFS' RIGHT TO SEEK LATER AMENDMENT.............................................11

VI. CONCLUSION....................................................................................................................12

# TABLE OF AUTHORITIES

Page

**CASES**

*Alzheimer's Inst. of Am. v. Elan Corp. PLC*,
    274 F.R.D. 272 (N.D. Cal. 2011)...................................................................................................8

*Bajjuri v. Raytheon Techs. Corp.*,
    641 F. Supp. 3d 735 (D. Ariz. 2022) ..............................................................................................5

*Bd. of Trs. of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*,
    2010 WL 760452 (N.D. Cal. Mar. 4, 2010).....................................................................................3

*Coal. on Homelessness v. City & Cnty. of S.F.*,
    758 F. Supp. 3d 1102 (N.D. Cal. 2024) ........................................................................................11

*Constr. Workers Pension Tr. Fund—Lake Cnty. & Vicinity v. Genoptix, Inc.*,
    2013 WL 12123841 (S.D. Cal. Mar. 22, 2013) ..............................................................................7

*Cunningham v. Medtronic Inc.*,
    2015 U.S. Dist. LEXIS 164530 (N.D. Cal. Dec. 8, 2015)............................................................11

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ......................................................................................................11

*Foman v. Davis*,
    371 U.S. 178 (1962).........................................................................................................................1

*Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*,
    980 F. Supp. 2d 1160 (E.D. Cal. 2013).....................................................................................8, 10

*Garbaccio v. Starbucks Corp.*,
    2025 WL 3228275 (W.D. Wash. Nov. 19, 2025)...........................................................................5

*Glover v. Cnty. of San Mateo*,
    2025 WL 2532665 (N.D. Cal. Sep. 3, 2025) ................................................................................11

*Godinez v. Alere, Inc.*,
    272 F. Supp. 3d 201 (D. Mass. 2017) .............................................................................................6

*Gulcynski v. Fid. Nat'l Title Grp.*,
    2007 WL 1231635 (S.D. Cal. Apr. 26, 2007).................................................................................8

*Hall v. Johnson & Johnson*,
    2019 WL 7207491 (D.N.J. Dec. 27, 2019).....................................................................................4

*Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli*,
    213 F.R.D. 63 (D.D.C. 2003)..........................................................................................................1

|  | Page |
|---|---|
| *Herrera v. Florence McClure Women's Corr. Ctr. Facility*, 2024 WL 3459060 (D. Nev. July 17, 2024) | 9 |
| *Hershfang v. Citicorp*, 767 F. Supp. 1251 (S.D.N.Y. 1991) | 5 |
| *In re Apple Inc. Sec. Litig.*, 2020 WL 6482014 (N.D. Cal. Nov. 4, 2020) | 5 |
| *In re Bristol Myers Squibb Co. Sec. Litig.*, 586 F. Supp. 2d 148 (S.D.N.Y. 2008) | 5 |
| *In re Bristol-Myers Squibb Sec. Litig.*, 228 F.R.D. 221 (D.N.J. 2005) | 8 |
| *In re Globalstar Sec. Litig.*, 2003 WL 22953163 (S.D.N.Y. Dec. 15, 2003) | 7 |
| *In re Hertz Glob. Holdings, Inc. Sec. Litig.*, 2017 WL 1536223 (D.N.J. Apr. 27, 2017), *aff'd*, 905 F.3d 106 (3d Cir. 2018) | 5 |
| *In re Intel Corp. Sec. Litig.*, 792 F. Supp. 3d 1008 (N.D. Cal. 2025) | 11 |
| *In re Mosaic LLM Litig.*, 2025 WL 1755650 (N.D. Cal. June 25, 2025) | 10 |
| *In re Mylan N.V. Sec. Litig.*, 2018 WL 1595985 (S.D.N.Y. Mar. 28, 2018) | 4 |
| *In re Netflix, Inc. Sec. Litig.*, 647 F. App'x 813 (9th Cir. 2016) | 2 |
| *In re Oracle Corp. Sec. Litig.*, 568, 389 (9th Cir. 2010) | 7 |
| *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63 (2d Cir. 2001) | 7 |
| *In re Vantive Corp. Sec. Litig.*, 110 F. Supp. 2d 1209 (N.D. Cal. 2000), *aff'd*, 283 F.3d 1079 (9th Cir. 2002) | 7 |
| *Industriens Pensionsforsikring A/S v. Becton, Dickinson & Co.*, 620 F. Supp. 3d 167 (D.N.J. 2022) | 5 |

| | Page |
|---|---|
| *Jeff Tracy, Inc. v. Scottsdale Ins. Co.*, 2015 WL 12778349 (C.D. Cal. Aug. 28, 2015) | 4 |
| *Johnson v. Serenity Transp., Inc.*, 2015 WL 4913266 (N.D. Cal. Aug. 17, 2015) | 8 |
| *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988) | 2 |
| *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) | 9 |
| *Leventhal v. Chegg, Inc.*, 721 F. Supp. 3d 1003 (N.D. Cal. 2024) | 7 |
| *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203 (N.D. Cal. 2015) | 3 |
| *Masimo Corp. v. Apple Inc.*, 2022 WL 2168883 (C.D. Cal. June 2, 2022) | 1, 4 |
| *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990) | 2 |
| *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534 (N.D. Cal. 2003) | 3 |
| *Organic Pastures Dairy Co., LLC v. Sebelius*, 2013 WL 1966464 (E.D. Cal. May 10, 2013) | 8 |
| *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 491 F. Supp. 3d 738 (S.D. Cal. 2020) | 2 |
| *Plumbers & Pipefitters Loc. Union v. Zimmer Holdings, Inc.*, 673 F. Supp. 2d 718 (S.D. Ind. 2009), *aff'd*, 679 F.3d 952 (2012) | 6 |
| *Plumbers & Steamfitters Loc. 773 Pension Fund v. Canadian Imperial Bank of Com.*, 694 F. Supp. 2d 287 (S.D.N.Y. 2010) | 5 |
| *Pratt v. Rowland*, 769 F. Supp. 1128 (N.D. Cal. 1991) | 3, 4 |
| *Premca Extra Income Fund LP v. iRobot Corp.*, 763 F. Supp. 3d 121 (D. Mass. 2025) | 5 |

|   |   | Page |
|---|---|---|
| *Pyara v. Sysco Corp.*, 2016 WL 6897251 (E.D. Cal. Nov. 23, 2016) | | 10 |
| *Robertson v. Bruckert*, 568 F. Supp. 3d 1044 (N.D. Cal. 2021) | | 8 |
| *Scheller v. Nutanix, Inc.*, 2021 WL 3616771 (N.D. Cal. Aug. 16, 2021) | | 1 |
| *Tauss v. Midland States Bank*, 2017 WL 3741980 (W.D.N.C. Aug. 30, 2017) | | 3 |
| *United Ass'n Nat'l Pension Fund v. Carvana Co.*, 759 F. Supp. 3d 926 (D. Ariz. 2024) | | 4 |
| *Utesch v. Lannett Co., Inc.*, 385 F. Supp. 3d 408 (E.D. Pa. May 15, 2019) | | 4 |
| *Wamboldt v. Safety-Kleen Sys.*, 2007 WL 1342198 (N.D. Cal. May 7, 2007) | | 2 |
| *Washtenaw Cnty. Emps. Ret. Sys. v. Avid Tech., Inc.*, 28 F. Supp. 3d 93 (D. Mass. 2014) | | 4 |
| *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009) | | 11 |

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
- Rule 9 .................................................................................................................................. 5
- Rule 12(b)(6) ....................................................................................................................... 9
- Rule 15 ..................................................................................................................... 2, 8, 11
- Rule 15(a) ........................................................................................................................ 1, 11
- Rule 15(a)(1) ..................................................................................................................... 11
- Rule 15(d) ................................................................................................................. *passim*
- Rule 26(f) ............................................................................................................................ 8

Local Rules
- Rule 7-4 .............................................................................................................................. 9
- Rule 7-11 ............................................................................................................................ 9

17 C.F.R.
- §240.10b-5(a) ..................................................................................................................... 9
- §240.10b-5(b) ..................................................................................................................... 9
- §240.10b-5(c) ..................................................................................................................... 9

LEAD PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO SUPP AMENDED COMPLAINT - 4:25-cv-02772-HSG
4916-6723-2911.v1
- v -

Lead Plaintiffs Northern California Pipe Trades Trust Funds and Monroe County Employees' Retirement System (together, "Lead Plaintiffs") respectfully submit this reply in further support of Lead Plaintiffs' Motion to Supplement the Amended Complaint (ECF 76) ("Motion to Supplement" or "MTS").

## I. INTRODUCTION

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Lead Plaintiffs seek to supplement the operative complaint (ECF 61) ("Complaint") to include discrete factual allegations of events that ***only*** became public in October and November 2025—*i.e.*, "after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The proposed supplement (ECF 76-2) ("Supplement" or "Suppl.") corroborates the Complaint's existing allegations by confirming both the plausibility of the alleged scheme and the misleading nature of Defendants' statements.[1] The Court should consider the Supplement as part of the Complaint in deciding Defendants' pending Motion to Dismiss Amended Complaint (ECF 71) ("Motion to Dismiss").

Courts "'freely grant a party's request to file a supplemental pleading when the supplemental facts connect it to the original pleading.'" *Masimo Corp. v. Apple Inc.*, 2022 WL 2168883, at *1 (C.D. Cal. June 2, 2022) (quoting *Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli*, 213 F.R.D. 63, 66 (D.D.C. 2003)). Defendants' Opposition to Lead Plaintiffs' Motion to Supplement the Amended Complaint (ECF 85) ("Opp.") not only conflates Rule 15(d) supplementation with Rule 15(a) amendment, but also fails to articulate a cognizable argument against supplementation under any of the factors in *Foman v. Davis*, 371 U.S. 178 (1962): "'(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.'" *See Scheller v. Nutanix, Inc.*, 2021 WL 3616771, at *1 (N.D. Cal. Aug. 16, 2021). The Motion to Supplement should be granted.

---

[1] "Defendants" are AppLovin Corporation ("AppLovin"), Adam Foroughi, Herald Chen, Matthew Stumpf, and Vasily (Basil) Shikin. Unless otherwise noted, all emphasis is added and citations are omitted.

II.     **THE SUPPLEMENT IS NOT FUTILE**

The Court should consider all relevant facts in ruling on Defendants' Motion to Dismiss, including pertinent facts that only came to light after Lead Plaintiffs filed the Complaint. Courts routinely permit and view post-filing facts as probative because they corroborate the Complaint's allegations. Defendants' futility argument misstates Rule 15(d) by urging the Court to disregard the Supplement's corroborative post-Complaint developments, which are properly considered at the pleading stage.

A.     **The Court Should Consider All Available Facts at the Pleading Stage**

The Ninth Circuit has long emphasized that Rule 15(d) is to be applied with exceptional breadth and liberality, and that leave to supplement "'ought to be allowed as of course.'" *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (Rule 15 should be applied with "extreme liberality."). Consistent with that standard, "[d]enials based on futility are rare." *See Wamboldt v. Safety-Kleen Sys.*, 2007 WL 1342198, at *3 (N.D. Cal. May 7, 2007). Here, the new facts alleged in the Supplement corroborate the Complaint's existing allegations. They do not stand alone, but rather augment the facts previously alleged, such that all relevant facts are now before the Court in ruling on Defendants' Motion to Dismiss. The new facts directly relate to the Complaint's allegations and were not pled in an effort to "cure" any deficiency in the current pleading, as Defendants incorrectly suggest. *See* Opp. at 3.

The cases Defendants cite demonstrate that their opposition lacks support. In each, the court had already ruled on the merits and determined that further pleading could not alter the legal conclusions the court had already reached.[2] Here, Lead Plaintiffs seek leave to supplement the Complaint so that the Court may evaluate the sufficiency of the pleadings on a complete factual

---

[2]  *See* Opp. at 3-4; *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 491 F. Supp. 3d 738, 739-40 (S.D. Cal. 2020) ("[F]or . . . ***all of the reasons stated in the Court's order dismissing the original complaint***, the proposed amended complaint fails to state a claim."); *In re Netflix, Inc. Sec. Litig.*, 647 F. App'x 813, 816-17 (9th Cir. 2016) (affirming dismissal of complaint and denial of leave to amend ***after the district court found no actionable misstatements***).

record *before* ruling on Defendants' Motion to Dismiss.[3]  *See Pratt v. Rowland*, 769 F. Supp. 1128, 1131 (N.D. Cal. 1991) (granting leave to supplement before ruling on motion to dismiss because "supplemental pleadings are deemed so useful in facilitating efficient judicial administration that the Ninth Circuit has recommended that they be allowed 'as a matter of course'"); *Tauss v. Midland States Bank*, 2017 WL 3741980, at *4 (W.D.N.C. Aug. 30, 2017) (granting leave to supplement under Rule 15(d) and analyzing the motion to dismiss based on the complaint as supplemented). Assessing the futility of the Supplement is both inefficient and makes little sense.  *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Bd. of Trs. of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*, 2010 WL 760452, at *3 (N.D. Cal. Mar. 4, 2010) ("In general, the futility of an amendment is better tested in a motion to dismiss for failure to state a claim . . . .").

### B. The Supplement Corroborates Facts Pled in the Complaint

Defendants' focus on the Supplement's allegations standing alone is misdirected.  *See* Opp. at 3-4.  The futility inquiry does not ask whether supplemental allegations, viewed in isolation, independently satisfy the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Rather, it asks whether the new facts alleged could plausibly bear on the Court's analysis of Lead Plaintiffs' claims.  *See Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 216 (N.D. Cal. 2015) ("'[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'").  The facts alleged in the Supplement do exactly that by pleading subsequent developments that corroborate and contextualize the allegations already pleaded.  Defendants' contention that the supplemental allegations are improper because they "trace[] directly back" to short seller reports is likewise wrong on both the facts and the law.  Opp. at 4.  Even for the supplemental allegations that build upon or are derived from the short seller reports (and thus, further confirm their reliability), Rule 15(d) imposes no requirement that supplemental facts must arise from wholly new or unrelated sources.  Courts

---

[3]   Defendants, for their part, have requested that the Court consider *nearly 600 pages* of materials outside of the pleadings with their request for judicial notice.  *See* ECF 71-2 through ECF 71-34.

routinely permit supplementation where later events complete the factual record. *See Masimo*, 2022 WL 2168883, at *1 (granting "Plaintiffs' motion to supplement because it will allow all newly arising but related claims to be adjudicated in the same case"); *Jeff Tracy, Inc. v. Scottsdale Ins. Co.*, 2015 WL 12778349, at *2 (C.D. Cal. Aug. 28, 2015) (finding that supplemental allegations were not futile where they "related to [plaintiffs'] original claims"); *Pratt*, 769 F. Supp. at 1131 (allowing a Rule 15(d) supplement to expand the factual record with later-occurring allegations of the same alleged scheme).

Here, the Supplement adds precisely the type of subsequent, corroborative facts courts routinely allow under Rule 15(d). These allegations concern reports of government investigations into AppLovin, the shutdown of Array, and AppLovin's e-commerce platform.

**1.    Reports of Government Investigations into AppLovin**

In October 2025, subsequent to the filing of the Complaint, reports emerged that the U.S. Securities and Exchange Commission ("SEC") and multiple state attorneys general had launched investigations into AppLovin's data collection and "fingerprinting" practices. Suppl., ¶¶241-242. Those reports state that the SEC's investigation was initiated not only in response to short seller reports, but also based on "a sealed whistleblower complaint filed earlier in 2025." *Id.*, ¶241. These allegations both corroborate and bolster the allegations in the Complaint regarding the short seller reports' indicia of reliability and AppLovin's data collection practices. *See* Complaint, ¶¶113, 130-133.

Courts routinely recognize that allegations of government investigations may support a strong inference of scienter at the motion to dismiss stage when considered holistically with other alleged facts. *See United Ass'n Nat'l Pension Fund v. Carvana Co.*, 759 F. Supp. 3d 926, 978 (D. Ariz. 2024); *In re Mylan N.V. Sec. Litig.*, 2018 WL 1595985, at *13 (S.D.N.Y. Mar. 28, 2018); *Utesch v. Lannett Co., Inc.*, 385 F. Supp. 3d 408, 423 (E.D. Pa. May 15, 2019); *Hall v. Johnson & Johnson*, 2019 WL 7207491, at *20 (D.N.J. Dec. 27, 2019); *Washtenaw Cnty. Emps. Ret. Sys. v.*

*Avid Tech., Inc.*, 28 F. Supp. 3d 93, 115 (D. Mass. 2014); *In re Bristol Myers Squibb Co. Sec. Litig.*, 586 F. Supp. 2d 148, 168 (S.D.N.Y. 2008).[4]

Further, it is wholly appropriate to rely on news reports in a pleading. *See In re Apple Inc. Sec. Litig.*, 2020 WL 6482014, at *11 (N.D. Cal. Nov. 4, 2020) (allegations "from news reports that relied on anonymous sources . . . satisfy the particularity standards of the PSLRA and Rule 9"); *Garbaccio v. Starbucks Corp.*, 2025 WL 3228275, at *12 (W.D. Wash. Nov. 19, 2025) (crediting allegations based on news reports where the reports contain sufficient factual detail or indicia of reliability). None of the cases Defendants cite hold that news articles are improper sources under the PSLRA. To the contrary, those cases all arose where courts considered the plaintiffs' allegations as a whole—including allegations drawn from news reports—and assessed whether newspaper articles or reports of regulatory concern, standing alone, could supply the particularized facts necessary to plead securities fraud on the merits.[5] Here, the reports of ongoing government investigations into AppLovin are part of the Complaint's many allegations, all of which must be considered together.

### 2. AppLovin Shuts Down Array and Dr. Edelman's Analyses

Also in October 2025, after the filing of the Complaint, AppLovin shut down its Array product. *See* Suppl., ¶¶244-245. The Complaint alleges that Array was a key driver of AppLovin's

---

[4] Defendants' cases do not support their position. *See* Opp. at 5. The court in *Bajjuri v. Raytheon Techs. Corp.*, 641 F. Supp. 3d 735 (D. Ariz. 2022), did consider the U.S. Department of Justice's investigation as part of its *Tellabs* analysis, but found that the investigation "never mentioned [the] widespread misconduct" that plaintiffs had alleged, and that even the investigation itself "undermine[d] Plaintiffs' other allegations and their argument for scienter." *Id.* at 762, 766-68. Not so here, where the SEC's investigation is directly related to allegations in the original Complaint. Likewise *In re Hertz Glob. Holdings, Inc. Sec. Litig.*, 2017 WL 1536223 (D.N.J. Apr. 27, 2017), *aff'd*, 905 F.3d 106 (3d Cir. 2018), where the court discounted generalized allegations concerning an SEC investigation where the plaintiffs did not "allege the state of the investigation or its conclusions." *Id.* at *17 n.6. Here, Lead Plaintiffs have provided specificity with regards to the investigation, and the state of the investigation is ongoing. *See, e.g.*, *Industriens Pensionsforsikring A/S v. Becton, Dickinson & Co.*, 620 F. Supp. 3d 167, 195 n.28 (D.N.J. 2022) ("The SEC's current and ongoing investigation . . . is another, albeit minor, factor the Court considers in determining that Plaintiff has pleaded scienter sufficiently.").

[5] *See* Opp. at 5; *Premca Extra Income Fund LP v. iRobot Corp.*, 763 F. Supp. 3d 121, 152 (D. Mass. 2025) (recognizing that "[t]here is, of course, no dispute that the Court may consider news articles," which are "acceptable" where they "identify sources . . . or reference other evidence"); *Hershfang v. Citicorp*, 767 F. Supp. 1251, 1259 (S.D.N.Y. 1991) (dismissing a complaint that relied almost exclusively on newspaper commentary to plead fraud); *Plumbers & Steamfitters Loc. 773 Pension Fund v. Canadian Imperial Bank of Com.*, 694 F. Supp. 2d 287, 300 (S.D.N.Y. 2010) (acknowledging that "a plaintiff may use [news reports] in pleadings").

1  scheme to inflate mobile ad-gaming installations (*see* Complaint, ¶¶99-105), and the announcement
2  of the Array shutdown occurred just days after ad-fraud expert Dr. Ben Edelman published
3  additional findings building on and corroborating his prior work on AppLovin's nonconsensual
4  installation practices (*see* Suppl., ¶¶244-245).  These supplemental allegations further corroborate
5  the Complaint's allegations concerning AppLovin's Software Platform growth and the inflation of
6  mobile app installations.  *See* Complaint, ¶¶116-121, 147-148.  They also support the allegation that
7  Defendants' prior statements attributing downloads to "explicit user choice" were false and/or
8  misleading when made.  *Id.*, ¶¶147-148.

9  Further, AppLovin's post-Complaint decision to discontinue a core product alleged to have
10 been part of the fraud may properly be pleaded as a corroborative factual development indicative of
11 scienter, and is a proper subject of supplementation under Rule 15(d).  *See, e.g.*, *Godinez v. Alere,*
12 *Inc.*, 272 F. Supp. 3d 201, 216 (D. Mass. 2017) (holding that the post-complaint discontinuation of
13 the drug at issue supported scienter because it corroborated that "'the circumstances giving rise to
14 the voluntary withdrawal . . . existed'" during the class period).  Defendants' cases are materially
15 different.  *See, e.g.*, *Plumbers & Pipefitters Loc. Union v. Zimmer Holdings, Inc.*, 673 F. Supp. 2d
16 718, 729 (S.D. Ind. 2009) (defendants' voluntary suspension of the product at issue was temporary
17 and limited to the United States, and was tied to the need for more physician training), *aff'd*, 679
18 F.3d 952 (2012).

19  **3.  AppLovin Declines to Provide E-Commerce Financial Results**

20  As was alleged for prior quarters, AppLovin's November 2025 earnings disclosures again
21 declined to provide any meaningful transparency regarding AppLovin's e-commerce performance,
22 and acknowledged delays, smaller-than-expected customer spend, and the absence of incremental
23 growth assumptions.  *See* Suppl., ¶¶246-247.  These disclosures further support the Complaint's
24 allegations that AppLovin's e-commerce platform was not as scalable or demonstrative of the future
25 growth as Defendants had led investors to believe, but that it instead depended on practices that
26 artificially inflated reported performance.  *See* Complaint, ¶¶106-114, 120-129, 135-137, 141-145.
27
28

### C.  Post-Class Period Developments Are Relevant

The subsequent developments alleged in the Supplement are corroborative facts that reinforce the Complaint's well-pleaded allegations that Defendants violated the federal securities laws. Courts routinely consider post-class period developments at the pleading stage. *See Leventhal v. Chegg, Inc.*, 721 F. Supp. 3d 1003, 1014 (N.D. Cal. 2024) (finding falsity adequately pleaded where post-class period enrollment slowdown and reduced growth supported plaintiffs' theory at the pleadings stage); *Constr. Workers Pension Tr. Fund—Lake Cnty. & Vicinity v. Genoptix, Inc.*, 2013 WL 12123841, at *7 (S.D. Cal. Mar. 22, 2013) (holding that defendants' post-class period statements corroborated plaintiffs' scienter allegations); *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001) ("[C]ases have relied on post-class period data to confirm what a defendant should have known during the class period" and "[a]ny information that sheds light on whether class period statements were false or materially misleading is relevant."); *In re Globalstar Sec. Litig.*, 2003 WL 22953163, at *7 (S.D.N.Y. Dec. 15, 2003) (finding that defendants' post-class period statements about a product's growth rate "support plaintiffs' allegation" that defendants acted with scienter).

Defendants' contention that post-class period developments are categorically irrelevant because they occurred after the challenged statements misstates both Lead Plaintiffs' theory of liability and the law. *See* Opp. at 5-6. Plaintiffs do not allege that later investigations, Array's shutdown, or earnings disclosures ***themselves*** render earlier statements false or independently establish scienter. Rather, these subsequent developments are corroborative facts that reinforce the Complaint's well-pled allegations concerning Defendants' deceptive conduct, that Defendants' prior statements lacked a reasonable basis when made, and that Defendants acted with scienter.[6]

---

[6]  Defendants' cited authorities are misplaced. *See* Opp. at 5-6; *In re Vantive Corp. Sec. Litig.*, 110 F. Supp. 2d 1209, 1217 n.14 (N.D. Cal. 2000) (rejecting falsity of "optimistic statements" where plaintiffs failed to "point to particular contemporaneous facts that establish the falsity of the statement at the time it was made"), *aff'd*, 283 F.3d 1079 (9th Cir. 2002); *In re Oracle Corp. Sec. Litig.*, 568, 389 (9th Cir. 2010) (addressing claims that guidance was misleading because it later proved wrong, rather than, as here, claims that Defendants withheld material information to conceal an ongoing fraudulent scheme).

## III. DEFENDANTS WILL SUFFER NO UNDUE PREJUDICE

To overcome Rule 15's liberal policy favoring leave to amend or supplement, "the prejudice to the opposing party must be '**substantial**.'" *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1047 (N.D. Cal. 2021). Defendants have not and cannot make a showing of substantial prejudice here, especially "given the procedural posture of the case and the scope of the proposed [supplement]." *See Johnson v. Serenity Transp., Inc.*, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015). Indeed, the Supplement poses no undue prejudice to Defendants because "the parties are still in the pleading stage" and "there has been no Rule 26(f) case management conference yet in this case, so there are no established deadlines for discovery, let alone discovery deadlines that would need to be pushed back." *See id.*; *Organic Pastures Dairy Co., LLC v. Sebelius*, 2013 WL 1966464, at *3 (E.D. Cal. May 10, 2013) (neither prejudice nor delay where plaintiff filed a motion to amend when the "matter has not yet gone beyond the pleading stage"); *Gulcynski v. Fid. Nat'l Title Grp.*, 2007 WL 1231635, at *5 (S.D. Cal. Apr. 26, 2007) (same). Nor is there any undue prejudice from the substance of the proposed Supplement, as it merely contains "additional facts that bolster the same claims already alleged against Defendants" in the Complaint and "do[es] not represent a major change in the scope of the claims or in the tenor of the case." *See Johnson*, 2015 WL 4913266, at *5.

Defendants fail to identify a single case where an opposing party was found to be prejudiced by a supplemental pleading that adds additional facts for the court's consideration at the pleading stage.[7] Yet in an attempt to manufacture prejudice, Defendants claim that the Supplement disadvantages their Motion to Dismiss because the new allegations are "central to" and "form the

---

[7] The cases cited by Defendants finding a motion to amend or supplement prejudicial to the opposing party (*see* Opp. at 7-8) all involved changes to the pleadings that drastically **altered the scope of the case at a late stage** of the litigation. *See Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1178 (E.D. Cal. 2013) (prejudice found where "after a period of extensive discovery, a party propose[d] a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require discovery in addition to the administrative record"); *Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276-77 (N.D. Cal. 2011) (prejudice found where "case schedule would need to be amended," key patent claim construction issues had already been litigated by other co-defendants to detriment of patent defendant against whom new claims were sought, and "the additional litigation cost of claim construction would be a significant burden" to the nonprofit patent defendant); *In re Bristol-Myers Squibb Sec. Litig.*, 228 F.R.D. 221, 228-29 (D.N.J. 2005) (prejudice found where amendment was sought "nearly a year after the close of fact discovery" and after the exchange of 26 expert reports, defendants' filing of summary judgment, and the commencement of final pretrial conference).

1  foundation for [Lead] Plaintiffs' [o]pposition." Opp. at 1, 7.  Defendants tellingly do not offer any
2  further argument in support of this assertion other than to generically state that the supplemental
3  allegations are "referenced in [Lead] Plaintiffs' scienter and loss causation arguments." *Id.* at 7.  In
4  reality, there are only 18 citations to the Supplement in all of Lead Plaintiffs' opposition to
5  Defendants' Motion to Dismiss (compared to over 100 citations to the Complaint itself).  And the
6  majority of those are string cites that immediately follow citations to the Complaint—which makes
7  sense given that all the Supplement's allegations relate directly to and buttress allegations already
8  made in the Complaint itself.  *See* MTS at 1, 6-7.

9  Nor does the Supplement add a new "'scheme' theory that is barely mentioned in the
10 operative Complaint." Opp. at 1.  Rather, the Complaint contains an entire (and aptly-titled) section
11 detailing "DEFENDANTS' SCHEME AND WRONGFUL COURSE OF BUSINESS," with an
12 unambiguous explanation that "Lead Plaintiffs allege both 'scheme liability' under Rule 10b-5(a)
13 and (c) and 'misstatement liability' under Rule 10b-5(b)."  Complaint, §V & n.18.

14 Ultimately, Defendants' claim of prejudice boils down to the fact that they must respond to
15 the additional facts in the Supplement "in a reply brief with strict page limits." Opp. at 1, 7.[8]  Yet
16 despite being provided a copy of the Supplement ***six weeks*** prior to the original due date for their
17 reply brief (which Lead Plaintiffs later agreed to extend by another week), Defendants deliberately
18 opted ***not*** to request an extension of page limitations.  *See* L.R. 7-4, 7-11.  Defendants cannot claim
19 prejudice from a situation caused by their own inaction.

20 **IV.  THERE HAS BEEN NO UNDUE DELAY**

21 Lead Plaintiffs provided the Supplement to Defendants on December 22, 2025, less than
22 seven weeks following the last of the "event[s] that happened after the date of the pleading to be

---

[8] Defendants misconstrue *Herrera v. Florence McClure Women's Corr. Ctr. Facility*, 2024 WL 3459060, at *2 (D. Nev. July 17, 2024), to claim that reply briefs are not intended to be "the first and only opportunity to respond to new factual allegations."  *See* Opp. at 7.  In reality, *Herrera* restates the uncontroversial proposition that a "plaintiff 'may not amend [their] allegations through facts raised in opposition to a motion to dismiss'" without "fil[ing] a proper motion for leave to amend." 2024 WL 3459060, at *2; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.").  This is precisely why Lead Plaintiffs have filed the instant motion.

1  supplemented" (Fed. R. Civ. P. 15(d)), accompanied by an inquiry as to whether Defendants would
2  oppose the Motion to Supplement.  ECF 76-3.  **Seventeen days later**, Defendants replied that they
3  would indeed oppose the motion.  *Id.*

4  Defendants now claim that it was undue delay for Lead Plaintiffs to "wait[] until
5  December 22, 2025 to seek consent, and then wait[] another three weeks to file [their proposed]
6  supplement." Opp. at 8.  Yet Defendants have offered no evidence that Lead Plaintiffs' Supplement
7  was delayed in bad faith, and the mine run of cases—including the only case cited in Defendants'
8  timeliness argument—measures "untimely" delay on the order of ***years, not weeks***.  Further, courts
9  in the Ninth Circuit freely permit motions to supplement as timely when they are offered early in the
10 case.  *In re Mosaic LLM Litig.*, 2025 WL 1755650, at *2 (N.D. Cal. June 25, 2025) (granting leave
11 to amend the complaint 14 months after events "put Plaintiffs on notice," even though the parties
12 were "in the midst of discovery"); *see also Pyara v. Sysco Corp.*, 2016 WL 6897251, at *2 (E.D.
13 Cal. Nov. 23, 2016) ("[H]ere, discovery has not yet closed and the dispositive motion deadline has
14 not been set, let alone passed.  [Defendant] has failed to cite any cases where a court has denied
15 leave to amend when discovery is still open and the dispositive motion deadline has not passed.").

16 Defendants' sole authority for their untimeliness argument is entirely inapposite.  The
17 untimely delay in *Fresno Unified*, resulted in a "nearly wholesale amendment of [the] counter claim"
18 which "add[ed] new claims that could have been advanced in the original counterclaim and
19 fundamentally alter[ed] the nature of the case, which previously focused on a single issue that was
20 factually well-defined."  980 F. Supp. 2d at 1176-78.  The delay between the new "events" and the
21 filing of the motion to supplement in *Fresno Unified* was—at the shortest estimate—over 14 months.
22 *Id.* at 1173.

23 Here, Lead Plaintiffs quickly moved to supplement the Complaint as soon as they determined
24 that there were additional subsequent events beyond the pleadings that they wished the Court to
25 consider in ruling on Defendants' Motion to Dismiss.  Lead Plaintiffs concurrently filed the Motion
26 to Supplement with their opposition to the Motion to Dismiss (*i.e.*, Lead Plaintiffs' first case
27 deadline after the supplemental events became public), and a seven-week period between the last

28

LEAD PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO SUPP AMENDED COMPLAINT - 4:25-cv-02772-HSG    - 10 -
4916-6723-2911.v1

event in question and notice given to Defendants—to provide for research, analysis, and drafting—does not begin to approach "untimely."

## V. THE MOTION TO SUPPLEMENT DOES NOT IMPLICATE LEAD PLAINTIFFS' RIGHT TO SEEK LATER AMENDMENT

Defendants' claim that the Court "should treat the supplement as Plaintiffs' amendment as a matter of course under Rule 15(a)(1)" that exhausts Lead Plaintiffs' future amendment rights has no merit. Opp. at 9. "Amended pleadings under Rule 15(a) 'relate to matters that occurred *prior to filing of the original pleading*, and entirely replace the earlier pleading.'" *Cunningham v. Medtronic Inc.*, 2015 U.S. Dist. LEXIS 164530, at *2 (N.D. Cal. Dec. 8, 2015) (Gilliam, J.). In contrast, Rule 15(d) expressly authorizes "a supplemental pleading setting out any transaction, occurrence, or event *that happened after the date of the pleading* to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) thus contemplates and applies to the exact scenario present here. This is not "gamesmanship." Opp. at 9.

Defendants' speculative arguments concerning purported deficiencies in the Complaint is insufficient to deprive Lead Plaintiffs of their rights to later seek amendment if necessary. *See id.* The Court has not yet evaluated the sufficiency of Lead Plaintiffs' allegations, and Lead Plaintiffs have not failed (much less repeatedly failed) to cure any deficiencies identified by the Court. *See, e.g.*, *Coal. on Homelessness v. City & Cnty. of S.F.*, 758 F. Supp. 3d 1102, 1140 (N.D. Cal. 2024) (allowing amendment, concluding "with respect to futility, the court cannot say that 'no set of facts can be proved under [an] amendment that would constitute a valid claim'").[9] Thus, Lead Plaintiffs' right to seek amendment remains intact. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'"); *Glover v. Cnty. of San Mateo*,

---

[9] Defendants' reliance on *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), and *In re Intel Corp. Sec. Litig.*, 792 F. Supp. 3d 1008, 1024 (N.D. Cal. 2025), is misplaced. Opp. at 9. Both of those cases involved plaintiffs who had already previously amended their complaints multiple times and still failed to cure deficiencies identified by the courts in granting defendants' motions to dismiss. *See Zucco*, 552 F.3d at 1007 ("As here, where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'"); *Intel*, 792 F. Supp. 3d at 1024 (noting futility where "the amended complaint suffers from the same deficiencies as the previously dismiss [sic] complaint").

2025 WL 2532665, at *1 (N.D. Cal. Sep. 3, 2025) (Gilliam, J.) ("[T]he Court finds that leave to file a second amended complaint should be granted under this circuit's liberal standard.").

## VI.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Motion to Supplement, Lead Plaintiffs respectfully request that the Court grant their Motion to Supplement the Complaint.

DATED: February 13, 2026                              Respectfully submitted,

/s/ *Marco Janoski*
J. Marco Janoski Gray (Cal. Bar Id. 306547)
Ashley M. Kelly (Cal. Bar Id. 281597)
John M. Kelley (Cal. Bar Id. 339965)
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Tel.: (619) 231-1058
Fax: (619) 231-7423
Email: mjanoski@rgrdlaw.com
Email: ashleyk@rgrdlaw.com
Email: jkelley@rgrdlaw.com

Shawn A. Williams (Cal. Bar Id. 213113)
ROBBINS GELLER RUDMAN & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Tel.: (415) 288-4545
Fax: (415) 288-4534
Email: shawnw@rgrdlaw.com

DATED: February 13, 2026

/s/ *Karin E. Fisch*
Karin E. Fisch (admitted *pro hac vice*)
Vincent J. Pontrello (admitted *pro hac vice*)
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY  10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: kfisch@gelaw.com
Email: vpontrello@gelaw.com

LEAD PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO SUPP AMENDED COMPLAINT - 4:25-cv-02772-HSG    - 12 -
4916-6723-2911.v1

| | |
|---|---|
| 1 | M. Elizabeth Graham (Cal. Bar Id. 143085) |
| 2 | GRANT & EISENHOFER P.A.<br>2325 3rd Street, Suite 329 |
| 3 | San Francisco, CA 94107<br>Tel.: (415) 229-9720 |
| 4 | Fax: (415) 789-4367<br>Email: egraham@gelaw.com |
| 5 | |
| 6 | *Counsel for Lead Plaintiffs and Lead Counsel for the Class* |
| 7 | Thomas C. Michaud |
| 8 | VANOVERBEKE, MICHAUD<br>    & TIMMONY, P.C. |
| 9 | 79 Alfred Street |
| 10 | Detroit, MI  48201<br>Tel.: (313) 578-1200 |
| 11 | Fax: (313) 578-1201<br>Email: tmichaud@vmtlaw.com |
| 12 | *Additional Counsel* |

**CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, J. MARCO JANOSKI GRAY, am the ECF User whose identification and password are being used to file this document. Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: February 13, 2026

*/s/ Marco Janoski*
J. MARCO JANOSKI GRAY