UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN BROWNBACK, et al.,<br>Plaintiffs,<br>v.<br>APPLOVIN CORPORATION, et al.,<br>Defendants. | Case No. 25-cv-02772-HSG<br>**ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT**<br>Re: Dkt. Nos. 76 |

Before the Court is Lead Plaintiffs' motion to supplement the amended complaint. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **DENIES** the motion to supplement the amended complaint, Dkt. No. 76.

## I. BACKGROUND

Lead Plaintiffs Northern California Pipe Trades Trust Funds and Monroe County Employees' Retirement System sued Defendants for violations of § 10(b), § 20(a), and § 20A of the Exchange Act. They assert claims on behalf of themselves and others who purchased AppLovin shares during the Class Period (November 7, 2024 to March 27, 2025). Defendants moved to dismiss. Dkt. No. 71. Plaintiffs then moved to supplement the operative complaint, and based their opposition to the motion to dismiss in part on some of the new facts set out in the motion to supplement. Dkt. Nos. 74, 76. Defendants oppose Plaintiffs' motion to supplement the complaint. Dkt. No. 85. Plaintiffs filed a reply brief in support of the motion. Dkt. No. 88. The Court found the motion appropriate for disposition without oral argument and took it under submission. Dkt. No. 92.

## II. LEGAL STANDARD

Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit

United States District Court
Northern District of California

a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010) (noting that "Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed").

"The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under 15(a)." *Paralyzed Veterans of America v. McPherson*, No. C 06-4670 SBA, 2008 WL 4183981, at *26 (N.D. Cal. Sept. 9, 2008). The five factors relevant to assessing a request for amendment under Rule 15 are (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court weighs prejudice to the opposing party most heavily. *See Eminence Capital v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III. DISCUSSION

A plaintiff may not amend its complaint in a brief opposing a motion to dismiss. *See, e.g., Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1183 (N.D. Cal. 2021); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014). Plaintiffs seek to avoid this well-established principle by moving to "supplement" at the same time that they filed their opposition, then raising new arguments in their opposition based on the as-yet-unauthorized supplement.

Defendants oppose Plaintiffs' motion to supplement the complaint because the proposed supplement does not cure the deficiencies in the complaint, the supplement prejudices Defendants, and Plaintiffs unduly delayed in seeking to supplement. Dkt. No. 85 at 7–13. Plaintiffs counter that the amendment is not futile, that Defendants are not prejudiced because they have the opportunity to respond to the new evidence, and there has not been undue delay. Dkt. No. 88 at 8–17.

The Court finds that Defendants would be unduly prejudiced if the Court allows supplementation at this time, which is dispositive. While Plaintiffs are correct that "there has been

no Rule 26(f) case management conference yet" and "no established deadlines for discovery," Dkt. No. 88 at 14, that is beside the point when the motion is presented simultaneously with an opposition brief to the motion to dismiss. Defendants had to commit to positions in their opening motion to dismiss brief based on the contents of Plaintiffs' complaint, but then Plaintiffs sought to supplement the complaint after that brief was filed. While Plaintiffs argue that Defendants can respond in their reply, that highlights the prejudice: a party is entitled to respond to the contents of the complaint with a motion to dismiss, and cannot fairly be forced to address new material for the first time only in its reply.

The motion to supplement the complaint is denied. Dkt. No. 76. If the Court grants the motion to dismiss the current complaint with leave to amend in its forthcoming order, Plaintiffs will have the opportunity to incorporate the supplemental material in any amended complaint.

## IV. CONCLUSION

The Court **DENIES** the motion to supplement the amended complaint, Dkt. No. 76.

**IT IS SO ORDERED.**

Dated: 9/30/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge